# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2052

MATTHEW DONOHUE,
*Appellant*

v.

CAPELLA UNIVERSITY LLC, IN ITS OFFICIAL CAPACITY; REBECCA LOEHRER, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; BARRY TRUNK, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; JULIE JOHNSON, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; JULIE BAUMBERGER, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, ET AL.

———————————————

Appeal from U.S. District Court, D.N.J.
Judge Claire C. Cecchi, No. 2:22-cv-05634

Before: MATEY, FREEMAN, and CHUNG, *Circuit Judges*
Submitted Under Third Circuit L.A.R. 34.1(a)  Mar. 20, 2026

Decided Apr. 24, 2026

———————————————

NONPRECEDENTIAL OPINION[*]

MATEY, *Circuit Judge*. Matthew Donohue, a former Capella University student, challenges the District Court's denial of his motion to file an out-of-time notice of appeal. We will affirm.[1]

Donohue sued Capella University and University employees after he was expelled. Donohue later filed a second amended complaint, dropping his claims against all

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1332(a)(1), and 1367(a). We have jurisdiction under 28 U.S.C. § 1291 and review "a district court's decision whether or not to grant an extension of time to file a notice of appeal for abuse of discretion." *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 322 (3d Cir. 2012).

defendants but Capella, and Capella moved to dismiss that complaint. While that motion was pending, Donohue's counsel filed a motion to withdraw. The District Court granted the motion, noting that Donohue would proceed pro se unless and until new counsel appeared on his behalf. Some three months later, the court granted Capella's motion to dismiss with prejudice, triggering the thirty-day window for Donohue to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). He missed that deadline. Approximately three weeks after the deadline had expired, new counsel appeared on Donohue's behalf and filed a motion to extend his appellate deadline.

We see no abuse of discretion in the District Court's decision to deny the motion as Donohue's proffered reason for his delay—confusion about the appeal process—was insufficient to establish "excusable neglect." *See* Fed. R. App. P. 4(a)(5)(A)(ii); *see also Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 324 (3d Cir. 2012). Donohue's pro se status does not disturb the ordinary rule that he "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). And we do not have "a definite and firm conviction that the [District Court] . . . committed a clear error of judgment," *Ragguette*, 691 F.3d at 322 (cleaned up), in its conclusion that his failure to timely retain new counsel does not constitute excusable neglect, *see id.* at 324.

\* \* \*

For the foregoing reasons, we will affirm the District Court's judgment.